[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 11, 1996
In this matter the Petitioner, William Toby Wright, Jr., filed a third amended petition for a Writ of Habeas Corpus on May 21, 1996. On May 23, 1996 the Respondent filed a Return to said CT Page 4838 third amended petition. The third amended petition is in two counts. The first count alleges the ineffective assistance of his counsel, Attorney John Williams, at the plea hearing wherein he pled guilty under the Alford Doctrine to one count of Possession With Intent to Sell Drugs in violation of General Statute §21a-278(a). The second count alleges that the Petitioner's rights under both the State and Federal Constitutions were violated in that he was denied enhanced good credit time under General Statute § 18-7a(c).
On November 5, 1986, in Docket #CR4-125479, the Petitioner received a sentence of fifteen years, execution suspended after he served four years, with four years probation. He was released on that sentence and began his probation on October 17, 1989. On October 31, 1989 he was arrested for the aforementioned crime of Possession With Intent to Sell Drugs in violation of General Statute § 21a-278(a) in Docket #CR4-173278 The Petitioner posted bond while he awaited the disposition of this charge. On March 9, 1990 the Petitioner was arrested on another charge and was again incarcerated and could not make bond. At that time the Petitioner's bond on Docket #CR4-173278 was increased by $100.00. On June 8, 1990 the Petitioner was found to be in violation of his probation in Docket #CR4-125479 and was sentenced to serve the remaining portion of his sentence which was eleven years incarceration. On February 25, 1992 the Petitioner plead guilty under the Alford Doctrine as aforesaid to Possession With Intent to Sell Drugs in violation of General Statute § 21a-278(a) in Docket #CR4-173278 and received a sentence of seven years consecutive to the sentence of eleven years he received in Docket #CR4-125479. Then in Rockville Superior Court on June 30, 1992 in Docket #CR91-46603, the Petitioner was sentenced to a period of incarceration of eighteen months consecutive to the previous two aforementioned sentences. Thus, his sentences effectively totalled eighteen years and eighteen months (nineteen years and six months) to serve.
The Court will first take up the allegations in the second count. The Petitioner alleges that the Respondent has improperly calculated the enhanced good time credit due him under General Statute § 18-7a(c) General Statute § 18-7a(c) reads as follows:
 (c) Any person sentenced to a term of imprisonment for an offense committed on or after July 1, 1983, may, while held in default of bond or while serving CT Page 4839 such sentence, by good conduct and obedience to the rules which have been established for the service of his sentence, earn a reduction of his sentence as such sentence is served in the amount of ten days for each month served and pro rata for a part of a month served of a sentence up to five years, and twelve days for each month served and pro rata for a part of a month served for the sixth and each subsequent year of a sentence which is more than five years. Misconduct or refusal to obey the rules which have been established for the service of his sentence shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee.
The Respondent has calculated the Petitioner's enhanced good time credit as not beginning until he has served five consecutive years in jail, using the method set forth in Seno v. Commissionerof Correction, 219 Conn. 269 (1991). In other words, the Respondent has not counted any of the time served between November 5, 1986 and October 17, 1989 when computing enhanced good time (twelve days credit per month after serving five years incarceration). The Respondent's attorney argues that when there is a break in jail time, then the five year period for enhanced good time credit under General Statute § 18-7a(c) does not commence to run until the Petitioner is reincarcerated. In this matter that date would be March 21, 1990.
The Petitioner argues that he should get credit for the time he spent in jail between November 5, 1986 and October 17, 1989 when computing the date when he is eligible to start receiving credit for statutory enhanced good time (twelve days per month). The parties have stipulated that if the Petitioner prevails on this argument he will be entitled to seventy-eight (78) days credit for statutory enhanced good time.
The Court is persuaded by the Petitioner's argument because it is only fair that the Petitioner should get credit for all of the time he is incarcerated for a particular crime. If another prisoner were sentenced on the same day as the petitioner to eleven years incarceration, he would be eligible to start earning statutory enhanced good time in accordance with General Statute § 18-7a(c) on day 1374 of his sentence. The Petitioner is entitled to the same treatment, namely that he can start earning statutory enhanced good time on day 1374 of his sentence. In this CT Page 4840 Court's opinion to find that the 1077 days he served between November 5, 1986 and October 17, 1989 should not be counted toward said 1374 days needed to reach the starting point for statutory enhanced good time, is unfair. Nowhere in General Statute § 18-7a(c) does it state that the incarceration period for a crime must be based on consecutive days before a petitioner starts to receive twelve days credit for each month he or she serves. Therefore, the Court orders the Respondent to credit the Petitioner with another seventy-eight (78) days toward his sentence in accordance with General Statute § 18-7a(c).
In the first count the Petitioner claims that his conviction and incarceration are illegal because they were obtained in violation of his state and constitutional rights to the effective assistance of counsel because his plea of guilty under the Alford Doctrine was involuntary since his attorney failed to see that the trial court sentenced him in accordance with the plea agreement. The petition alleges that Attorney Williams asked the Court as part of the plea agreement to order the Respondent to credit the Petitioner with his pretrial jail credit and jail credit good time from March 21, 1990 to February 25, 1992. The petition further alleges that the State did not object to his request because it was within the parameters of the plea agreement.
The Petitioner testified that Attorney John Williams had represented him since 1983. He testified that he trusted Attorney Williams because he was fair to him. The Petitioner testified that when he plead guilty in Docket #CR4-173278 to Possession With Intent to Sell Drugs in violation of General Statute §21a-278(a), Attorney Williams told him he was going to be sentenced to seven years incarceration concurrent to his aforementioned eleven year sentence. He also testified Attorney Williams told him he would receive credit for the time he spent in jail between March 21, 1990 and February 25, 1992, which was the date he plead guilty as aforesaid. He said Attorney Williams told him he could go to trial but it was in his best interests to take the plea agreement which was offered. The Petitioner also claims that after he decided to plead guilty Attorney Williams did not discuss with him the rights he gave up by pleading guilty nor did he go over with him the elements of the crime. He later testified he told the judge that Attorney Williams explained the elements of the crime to him. The Petitioner stated Attorney Williams told him if he did not get credit for the time he spent in jail between March 21, 1990 and February 25, 1992, then he CT Page 4841 should bring a habeas corpus petition. The Petitioner testified that if he knew his sentence was going to be a consecutive one without the good time credit for time served between March 21, 1990 and February 25, 1992, he would have gone to trial because the case against him was shaky and if he was convicted he would have gotten about the same sentence. The Petitioner stated that Attorney Williams advised him that if he was found guilty of the crime with which he was charged, he could receive a sentence of life imprisonment. The Petitioner testified he was aware of his rights from being arrested numerous times. He also testified he knew the difference between concurrent and consecutive.
The Petitioner claims he did not fully understand the judge when he was sentenced on February 25, 1992. The Petitioner said he wanted to interrupt the court three or four times during the February 25, 1992 proceedings but Attorney Williams told him not to do so. He testified that a friend of his got three years in jail for contempt of court and he did not want that to happen to him.
Attorney John Williams testified in this matter. He testified he did not remember the specifics of the Petitioner's plea. He testified the Petitioner was looking at a life sentence. He stated the Petitioner always disputed the police claims. Attorney Williams also stated that the State had a strong case against the Petitioner. Attorney Williams reviewed the transcript of the plea (Exhibit A). In that hearing he advised the Court as follows:
 MR. WILLIAMS: Your Honor, we have an agreement on this case that Mr. Wright receive a sentence of seven years to serve, consecutive to the term he is currently serving, and that all other charges will be — and also all other files will be nolled by the state . . . (Exhibit A, page 6)
Also introduced into evidence was a page from Attorney Williams' file on the Petitioner which had two entries on it dated 10/31/89 and 2/25/92 (Exhibit D). On the entry under date of 2/25/92, it read:
 All other files counts dismissed. Sentence = 7 years concurrent with time now being served. Kulawicz, J.
After reviewing both the transcript and his notes Attorney CT Page 4842 Williams testified the seven year sentence in Docket #CR4-173278 was to be consecutive to the eleven year sentence in Docket #CR4-125479. On questioning from the Court, Attorney Williams stated the Petitioner's sentence in Docket #CR4-173278 was supposed to be consecutive. He further stated it was inconceivable it could be anything else.
Further on in the transcript of February 25, 1992 (Exhibit D, pages 6 and 7), it reads:
 ATTORNEY WILLIAMS: As your Honor knows, Mr. Wright is currently serving a previously suspended eleven year term which was imposed by Judge Heiman in the proceedings I mentioned earlier, so that total effective time he would have here would be eighteen years with, of course, credit for the time he's already been incarcerated since the revocation proceedings were brought against him in this matter. And in view of that, I think it's a fair disposition and I would urge the Court to impose it.
THE COURT: You wish to say anything, Mr. Wright?
THE DEFENDANT: No.
 THE COURT: The Court then will make a finding of guilty, find the plea is entered freely and voluntarily, impose a sentence of seven years consecutive to the sentence that you're presently serving, which I understand is a sentence of eleven years. Total effective sentence would be seven years consecutive to the eleven years that you're presently serving on which — I'm sure there's not eleven years remaining at the present time because this case goes back a couple of years now. A year and a half I guess it goes back.
Cost and fees are waived.
Attorney Williams testified that he wanted pretrial time credit for the Petitioner for the time he served between March 21, 1990 and February 25, 1992. The sentencing judge did not give the Petitioner that credit. The Petitioner is adamant that that pretrial credit time was supposed to be credited to him as part of the aforementioned plea. Attorney Williams stated he may have CT Page 4843 missed the fact that he did not ask for time credit between March 21, 1990 and February 25, 1992 but that was unlikely or that such credit was not part of the deal and when the sentencing judge did not give such credit, he knew that he was not going to get said credit for the Petitioner.
Attorney Williams also stated that he had no memory of whether he advised the Petitioner to file a petition for writ of habeas corpus.
"The Connecticut Supreme Court has adopted the two prong test set forth in Strickland v. Washington, 446 U.S. 668 (1984), to determine if counsel's assistance was ineffective. Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701 (1995). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice. Id. To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that he was not functioning as the `counsel' guaranteed the petitioner by the sixth amendment . . . The petitioner must show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., 702. To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable. . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id., 702.
In Hill v. Lockhart, supra, 474 U.S. 57-58, the court determined that the same two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement inStrickland were relevant in the context of guilty pleas. Although CT Page 4844 the first half of the Strickland test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard. As in Strickland, the prejudice standard for plea negotiations is intended to determine whether, but for counsel's constitutionally deficient performance, the outcome of the plea process would have been different. The court went on to require that `in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' Id., 59. Copas v. Commissioner of Correction,234 Conn. 139, 156 (1995).
The Hill court also stated that the petitioner must show that such a decision to plead not guilty would have been based on the likelihood that the introduction of the evidence or the defense that was not identified because of ineffective assistance of counsel would have been successful at trial. Id.
To satisfy the Hill standard, a defendant must prove that, but for defense counsel's deficient performance there is a reasonable probability that he would have pleaded not guilty and proceeded to trial on the basis of the likelihood that his defenses would succeed in providing a more favorable outcome. Id.
157 — Footnote 10."
After hearing the evidence, this Court finds that the Petitioner has failed to sustain his burden of proof on either prong of the test set forth in Strickland v. Washington, supra,
as to any of the allegations in his Amended Petition dated May 21, 1996. He has not proved that his counsel's representation of him was deficient. Further, he has not proved that he was prejudiced by his attorney's representation of him.
For the above reasons the Petitioner's habeas corpus petition as to the first count is denied. As to the second count, the Court grants the Petition for Writ of Habeas Corpus as aforesaid.
SULLIVAN, W., J.